# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## APPEAL NO. 22-56189

SERGIO GONZALEZ, on behalf of himself and others similarly situated,

Plaintiff - Appellant

v.

COVERALL NORTH AMERICA, INC.,

Defendant-Appellee

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR
THE CENTRAL DISTRICT OF CALIFORNIA

Case No. 5:16-cv-02287

The Honorable Jesus Bernal

## REPLY BRIEF OF PLAINTIFF-APPELLANT

Shannon Liss-Riordan
Adelaide H. Pagano
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800

# **TABLE OF CONTENTS**

INTRODUCTION ................................................................................1

ARGUMENT ......................................................................................5

    I.    THE DISTRICT COURT HAD JURISDICTION TO RULE ON THE
        RULE 60(B) MOTION. ..............................................................5

    II.   THIS COURT HAS JURISDICTION OVER THIS APPEAL. ...........................7

    III.  HENSON UNDOUBTEDLY APPLIES TO THESE FACTS ...........................10

    IV.  THE DISTRICT COURT MISAPPLIED HENSON .......................................12

           1.    The Change of Law ......................................................12

           2.    Mr. Gonzalez's Diligence in Pursuing Relief ...............17

           3.    The Reliance Interest in the Finality of the Case ..........19

           4.    Delay Between the Judgment and the Rule 60(b)
                Motion. ..........................................................................20

           5.    Relationship between the original judgment and
                the change in the law. ....................................................20

           6.    Concerns of comity and additional considerations ........23

           7.    Additional Considerations Relevant to the Rule 60
                Analysis. ........................................................................23

CONCLUSION....................................................................................24

## <u>TABLE OF AUTHORITIES</u>

**Cases**

<u>Armendariz v. Found. Health Psychcare Servs., Inc.</u>
  24 Cal. 4th 83 (2000) ............................................................ 5, 18

<u>Brennan v. Opus Bank</u>
  2013 WL 2445430 (W.D.Wash. June 5, 2013) ........................................ 14

<u>Bynum v. Maplebear Inc.</u>
  698 F. App'x 23 (2d Cir. 2017)..................................................... 22

<u>Gelboim v. Bank of Am. Corp.</u>
  574 U.S. 405 (2015)................................................................ 6

<u>Gonzalez v. Coverall N. Am., Inc.</u> ("Gonzalez I")
  2018 WL 921674 (9th Cir. 2018) ..................................................... 2

<u>Gonzalez v. Coverall N. Am., Inc.</u> ("Gonzalez I")
  754 Fed. Appx. 594 (9th Cir. 2019)................................................. 2

<u>Gonzalez v. Coverall N. Am., Inc.,</u> ("Gonzalez II")
  826 F. App'x 645 (9th Cir. 2020)................................................ 3, 16

<u>Henson v. Fidelity National Financial, Inc.</u>
  943 F.3d 434 (9th Cir. 2019) .............................................. passim

<u>Intergulf Const. Corp. v. Hartford Cas. Ins. Co.</u>
  2015 WL 5285668 (S.D. Cal. Sept. 9, 2015)..................................... 1, 14

<u>Johnmohammadi v. Bloomingdale's, Inc.</u>
  755 F.3d 1072 (9th Cir. 2014) ..................................................... 1

<u>Langere v. Verizon Wireless Servs., LLC</u>
  983 F.3d 1115 (9th Cir. 2020) ..................................................... 3

<u>Liljeberg v. Health Servs. Acquisition Corp.</u>
  486 U.S. 847 (1988)............................................................... 23

<u>Loewen v. Lyft, Inc.</u>
  129 F. Supp. 3d 945 (N.D. Cal. 2015)............................................. 13

Microsoft Corp. v. Baker
  137 S. Ct. 1702 (2017) .................................................................... 2, 11, 21

Mohawk Indus., Inc. v. Carpenter
  558 U.S. 100 (2009) ..................................................................................... 6

Phelps v. Alameida
  569 F.3d 1120 (9th Cir. 2009) .................................................................. 11

Ramirez v. United States
  799 F.3d 845 (7th Cir. 2015) .................................................................... 23

Rivas v. Coverall North America Inc.
  Appeal No. 22-56192 (9th Cir.) ................................................................ 19

Spann v. Commissioners of D.C.
  443 F.2d 715 (D.C. Cir. 1970) .................................................................. 17

Sparling v. Hoffman Constr. Co.
  864 F.2d 635 (9th Cir. 1988) ...................................................................... 1

Sperring v. LLR, Inc.
  2022 WL 3136947 (9th Cir. Aug. 5, 2022) ............................................... 12

Swint v. Chambers County Comm'n
  514 U.S. 35 (1995) ......................................................................................... 6

Ting v. AT&T
  319 F.3d 1126 (9th Cir. 2003) .................................................................. 18

**Statutes**

28 U.S.C. § 1292 ...................................................................................... 13, 15

9 U.S.C. § 16 ................................................................................................. 15

Private Attorney General Act ("PAGA")
  Cal. Lab. Code § 2698, *et seq.* ................................................................... 1

**Rules**

Fed. R. Civ. P. 60 ............................................................................ 11

# INTRODUCTION

Plaintiff-Appellant Sergio Gonzalez, a low-wage immigrant worker, claims he was misclassified as an independent contractor "franchisee" by Defendant-Appellee Coverall North America Inc. ("Coverall") and has brought class claims under the Labor Code as well as a claim under the Private Attorney General Act ("PAGA"), Cal. Lab. Code § 2698, *et seq.* The District Court compelled Gonzalez's claims to arbitration, and Plaintiff asked the District Court to dismiss his claims so he could appeal from that decision, citing authority in which courts in this Circuit have exercised their discretion to either stay or dismiss cases after compelling arbitration.[1] The District Court granted the request for dismissal over Coverall's objection, and Plaintiff appealed.

In its briefing on appeal and at oral argument, Coverall argued that a

---

[1]     See II-ER-241-42; see also Sparling v. Hoffman Constr. Co., 864 F.2d 635, 638 (9th Cir. 1988); Intergulf Const. Corp. v. Hartford Cas. Ins. Co., 2015 WL 5285668, at *2 (S.D. Cal. Sept. 9, 2015) (compelling arbitration for arbitrator to interpret the insurance policy and dismissing – rather than staying – the case, even though it was "unclear…whether there will be any claims left after arbitration that the parties will need or want to pursue" in court); see also Johnmohammadi v. Bloomingdale's, Inc., 755 F.3d 1072, 1074 (9th Cir. 2014) (When a district court compels arbitration, this Court has held that it "may either stay the action or dismiss it outright when, as here, the court determines that all of the claims raised in the action are subject to arbitration.") (emphasis added).

decision issued by the U.S. Supreme Court in <u>Microsoft Corp. v. Baker</u>, 137 S. Ct. 1702 (2017), a few weeks after Mr. Gonzalez's claims were dismissed "held that a voluntary dismissal of claims designed to create appellate jurisdiction that would not otherwise exist does not create a final, appealable judgment." <u>See</u> Br. of Def.-Appellee at *13, <u>Gonzalez I</u>, 2018 WL 921674 (9th Cir. 2018) (No. 17-55787). Plaintiff argued <u>Microsoft</u> was inapplicable and distinguishable, but Coverall's jurisdictional argument – and the <u>Microsoft</u> decision in particular – dominated the oral argument. <u>See generally</u>, II-ER-13-45. This Court credited Coverall's argument, and it dismissed the appeal for lack of jurisdiction in <u>Gonzalez v. Coverall N. Am., Inc.</u> ("<u>Gonzalez I</u>"), 754 Fed. Appx. 594, 595 (9th Cir. 2019). This Court did not reach the merits argument regarding whether arbitration should have been compelled.

On remand, Plaintiff Gonzalez sought to reopen his case in the District Court pursuant to Rule 60(b)(6), on the grounds: (1) that he could not have foreseen the change in the law wrought by the <u>Microsoft</u> decision; and (2) that subsequent factual developments made clear he could not vindicate his rights in arbitration. Specifically, Gonzalez had re-filed his PAGA claim in arbitration while his first appeal was pending and had been effectively turned away by the American Arbitration Association because he

2

was unable to afford the filing fees and compensation deposits necessary to even get an arbitrator appointed to hear threshold issues of arbitrability.

The District Court summarily denied the Rule 60 Motion, and Gonzalez appealed again. This time, in Gonzalez II, this Court remanded the case for the District Court to "to apply [the Court's intervening decision in] Henson v. Fidelity National Financial, Inc., 943 F.3d 434 (9th Cir. 2019)", which presented a very similar factual scenario in which a plaintiff sought Rule 60 relief based on the intervening Microsoft decision and its change to the existing legal landscape. See Gonzalez v. Coverall N. Am., Inc., ("Gonzalez II"), 826 F. App'x 645, 646 (9th Cir. 2020).

On remand, *two years* after receiving supplemental briefing, and without holding an oral argument, the District Court found, perplexingly, that Henson did not apply to this case because the panel in Gonzalez I allegedly had not "relied on Microsoft or any intervening change in law to decide Gonzalez I." I-ER-7. This was despite Microsoft having been the *primary* focus of Coverall's briefing and oral argument. Indeed, subsequent decisions of this Court have made clear that Microsoft did overrule precedent in this Circuit allowing for a voluntary dismissal as a means to appeal from an order compelling arbitration. Langere v. Verizon Wireless Servs., LLC, 983 F.3d 1115, 1122 (9th Cir. 2020).

3

The District Court nevertheless applied the <u>Henson</u> factors, but misapplied factors one and five, finding that <u>Microsoft</u> did not change the law and that the relationship between the original judgment and the intervening <u>Microsoft</u> decision was too attenuated. I-ER-8, 10. The District Court also wholly ignored this Court's instruction in <u>Henson</u> to consider equitable factors, and it did not even address that, in addition to a change in the law, there were changed *facts* that also warranted Rule 60 relief (i.e. Gonzalez's demonstrated inability to afford the arbitration filing fees and deposits required of him).

Mr. Gonzalez is now stuck in legal purgatory, unable to proceed in arbitration because he cannot afford to pay the $4,000 deposit to have an arbitrator appointed, yet he cannot proceed in court either because the District Court has erroneously refused *twice* to reopen his claims. As it stands, the decision not to reopen the case is punitive. It punishes Mr. Gonzalez for acting within his rights in requesting the dismissal as opposed to any other route or alternative then available. It also misapplies <u>Henson</u> and ignores the fact that an *unforeseeable* decision by the U.S. Supreme Court reached *after* the Motion to Dismiss was granted, completely deprived Mr. Gonzalez of protection under the law, and in doing so, the decision hereby appealed also fails to engage with the merits of Mr. Gonzalez's

4

claims or the serious public policy issues presented by his situation. Indeed, the District Court's decision completely fails to acknowledge the new facts that also gave rise to Plaintiff's Renewed Rule 60 Motion, and the manner in which he was thwarted in trying to actually bring his PAGA claim in arbitration. Under these extraordinary circumstances, it was an abuse of discretion for the District Court to refuse to reopen Mr. Gonzalez's claims in court, since he could not afford to pursue arbitration, having been ordered to pay half of the hefty initial arbitration fee. Armendariz v. Found. Health Psychcare Servs., Inc., 24 Cal. 4th 83, 114 (2000) (An arbitration agreement or delegation clause that "imposes on … [plaintiffs] costs greater than those a complainant would bear if he or she would file the complaint in court" is unconscionable and may be unenforceable).

Coverall offers a few arguments in response to Mr. Gonzalez's Opening Brief, all of which collapse under even the slightest scrutiny. Mr. Gonzalez addresses each of these arguments below in turn.

## ARGUMENT

### I. The District Court Had Jurisdiction to Rule on the Rule 60(b) Motion.

Coverall first attempts to argue that the District Court could not rule on Mr. Gonzalez's Rule 60(b) motion because "the order to which that motion was directed—the order granting Plaintiff's motion to dismiss his

claims *without* prejudice—was not a final order." Dkt. 25 at 11. This argument holds about as much water as a slice of Swiss cheese. For one, the District Court considered this very argument and concluded that this Court's directive to ponder whether and how the <u>Henson</u> factors might apply sufficed to allow it to rule on Mr. Gonzalez's Renewed Motion to Reopen the case.

Moreover, "Section 1291 gives the courts of appeals jurisdiction over appeals from 'all final decisions of the district courts of the United States.' A 'final decision' is one 'by which a district court disassociates itself from a case.'" <u>Gelboim v. Bank of Am. Corp.</u>, 574 U.S. 405, 408 (2015) (<u>quoting</u> <u>Swint v. Chambers County Comm'n</u>, 514 U.S. 35, 42 (1995)). The Supreme Court has given Section 1291 a "practical rather than a technical construction," and found it encompasses actions "that, although they do not end the litigation, are appropriately deemed final," including decisions "that are conclusive, that resolve important questions separate from the merits, and that are effectively unreviewable on appeal from the final judgment in the underlying action." <u>Mohawk Indus., Inc. v. Carpenter</u>, 558 U.S. 100, 106 (2009) (internal quotations and citations omitted). The District Court's two orders denying Mr. Gonzalez's Motions to Reopen the case undoubtedly fall in these latter categories: the decisions are conclusive, they involved

6

questions separate from the merits, and the only way Mr. Gonzalez could have his claims heard in the District Court is if he prevails here on appeal.

## II. This Court Has Jurisdiction Over This Appeal.

Coverall's Answering Brief next argues that this Court lacks jurisdiction over this appeal because the district court granted Mr. Gonzalez's request to dismiss his claims *without* prejudice, while Microsoft v. Baker involved a request to dismiss claims *with* prejudice. Dkt. 25 at 12. Thus, Coverall argues, there was no intervening change in law. Id. Of course, this argument rings hollow for a few reasons.

First, Coverall relied almost entirely on Microsoft in arguing this Court lacked jurisdiction to hear Mr. Gonzalez's claims in Gonzalez I. Specifically, Coverall focused on the voluntary nature of the dismissal in Microsoft. Likewise, Coverall argued Microsoft was "indistinguishable" and "right on point" with the facts of this case in its argument before this Court in Gonzalez I. II-ER-39-40; II-ER-39-40. Finally, it is abundantly clear from the record that the Microsoft decision was the principal case discussed by both sides and the panel in Gonzalez I. See II-ER-16-19; 21-24; 32, 39-41; 43. Accordingly, Baker is *the* intervening change in law that disallowed this Court from hearing his first appeal. For Coverall to argue that Microsoft and Gonzalez I are practically the same cases in 2018 only to

do an about-face five years later and argue they are completely distinguishable is just a touch too cute. It's also what Plaintiffs like Mr. Gonzalez have come to expect from Coverall, but it is not an argument with merit.

Furthermore, Mr. Gonzalez also notes that, contrary to Coverall's claims that he "moved the district court to dismiss his claims ***without prejudice***," see Dkt. 25 at 3 (emphasis in original), he only ever moved to dismiss his claims. Indeed, Mr. Gonzalez moved "the Court to dismiss and enter *final judgment* on Plaintiff's Labor Code claims in this matter, so that Plaintiff can appeal the Order." See Dkt. 28 at 2. (emphasis added). "Prejudice" is a word the District Court added in an aside at the end of its first Order granting his motion to voluntarily dismiss.[2] Mr. Gonzalez sought, unequivocally, an appealable, final judgment.

---

[2]     "For the foregoing reasons, Defendant fails to show it is entitled to relief under Rule 59(e), Rule 60(b), or Local Rule 7-18. Moreover, even if the Court were to reconsider the MTD on its merits, the ruling would be the same. Plaintiff requested dismissal of its claims against Defendant for the express purpose of seeking an appeal of the April 13, 2017 Order. Although the Court initially stayed the proceedings in this matter pending a decision by the arbitrator on the arbitrability of Plaintiff's claims, the Court will not decline to dismiss claims pursuant to a voluntary request by a plaintiff. Whether Plaintiff is entitled to appeal the April 13, 2017 Order is now a question for the Ninth Circuit. Should the Ninth Circuit agree with Defendant and find Plaintiff manufactured an appeal where no right exists, Plaintiff's claims shall remain dismissed without prejudice absent contrary instructions or guidance from the Ninth Circuit." SER-37.

Coverall also argues that they "opposed Plaintiffs motion to voluntarily dismiss his claims, arguing in part that dismissal was inappropriate because . . . a party cannot manufacture a right of appeal by seeking a dismissal *without* prejudice." Dkt. 25 at 19 (Citing Coverall's Motion for Reconsideration [Dkt. 30-1]; SER-38-44) (emphasis in original). Tellingly, Coverall's cited motion does not even include the words "without" or "prejudice."

Coverall's further argument that no injustice will come from the dismissal of this appeal is also easy to spot for what it is: a nothingburger. Mr. Gonzalez has been diligently trying to have his claims heard for nearly 10 years—additional delay, whether in the form of filing a new complaint in court or being forced to arbitrate claims in a forum he cannot afford to be in, is the epitome of injustice. Mr. Gonzalez has not even been able to *reach* the merits of his underlying misclassification and Labor Code claims, and he was foreclosed from doing so in either a court or in arbitration when his Motion to Reopen was twice denied. Coverall argues that Mr. Gonzalez has been engaged in "procedural shenanigans," but nothing could be further from the truth. While litigation may be a game for a large corporation like Coverall, it is serious business for Mr. Gonzalez, who has been trying to secure justice for Coverall's wrongs for nearly 10 years. The only party in

this dispute with an incentive to draw this out is Coverall itself, and it has admittedly executed remarkably well on that strategy.

### III.   <u>Henson</u> Undoubtedly Applies to These Facts

Coverall next argues that Henson does not apply to these facts, an argument this Court implicitly rebutted in its last remand order to the District Court.  As set forth in Mr. Gonzalez's Opening Brief, <u>Henson</u>'s facts hew closely to those here and thus counsel in favor of granting Rule 60 relief, just as this Court did in <u>Henson</u>. To recap, plaintiffs in <u>Henson</u> sought to voluntarily dismiss their claims so that they could appeal (in that case, from the district court's denial of their Motion for Class Certification). <u>Henson</u>, 943 F.3d at 440. While the plaintiffs' appeal was pending, the Supreme Court held in <u>Microsoft</u> that a plaintiff cannot voluntarily dismiss his or her claims in order to appeal from an order denying class certification.[3]

As in this case, based on the result in <u>Microsoft</u>, the defendant in <u>Henson</u> moved to dismiss the appeal, but this Court remanded the case "to

---

[3]     As observed in Mr. Gonzalez's Opening Brief, the facts here are even more compelling than those in <u>Henson</u>, because Plaintiff here moved to dismiss his claims over Defendant's objection, rather than by stipulation as in <u>Henson</u>. Thus, the District Court in this case blessed Plaintiff's course of action and stated intention to appeal when it could have insisted that Plaintiff instead move for certification pursuant to § 1292(b) or could have simply denied the request for dismissal altogether and stayed the case pending the arbitration.

allow the parties to seek appropriate relief in the district court in the first

instance." Henson, 943 F.3d at 442 (discussing Microsoft Corp., 137 S. Ct.

1702). On remand, just like Mr. Gonzalez, the Henson Plaintiffs moved to

vacate the dismissal of their claims pursuant to Fed. R. Civ. P. 60 (b)(6),

arguing that they could not have foreseen the change in the law wrought by

Microsoft v. Baker. However, the district court in Henson denied the Rule

60(b)(6) Motion. With no other options, the Henson plaintiffs appealed

again, this time from the denial of their Rule 60 Motion (again, just like Mr.

Gonzalez here).

On appeal, this Court reversed the District Court's denial of the Rule

60(b)(6) Motion and analyzed the six factors set forth in Phelps v. Alameida,

569 F.3d 1120 (9th Cir. 2009), to determine whether the plaintiff's Rule

60(b)(6) Motion should be granted in light of an intervening change in the

law. The Henson Court noted that "the district court overlooked important

competing considerations in reaching its evaluation" by focusing solely on

plaintiffs' decision to voluntarily dismiss the case.  Id. at 447. The Henson

panel paid close attention to the "change-in-the-law factor," which was

"neutral or slightly favors relief because Plaintiffs relied on well-established

circuit law and did not knowingly risk permanent finality . . . ." Id. at 455.

The same is equally true in this case, where Plaintiff has also attempted to

arbitrate his claims and has been rebuffed, such that his only recourse is to reopen his claims in court.

## IV.   The District Court Misapplied <u>Henson</u>

Finally, Coverall argues that the District Court did not misapply <u>Henson</u>. As set forth in Mr. Gonzalez's Opening Brief and expounded upon below, the District Court's application of the <u>Henson/Phelps</u> factors to the facts of this case was erroneous and constitutes an abuse of discretion. Just as this Court did in <u>Henson</u>, it should reverse.

### 1.   The Change of Law

Coverall argues there was no "intervening change in the law," blithely ignoring the Supreme Court's decision in <u>Microsoft</u> and the fact it relied on that case to argue this Court did not have jurisdiction in <u>Gonzalez I</u>.  Next, it argues that "even if there were a change in law," this factor does not sway the outcome because the law was not "settled" and Mr. Gonzalez "should have known that the law might change in an unfavorable way."  Dkt. 25 at 51 (quoting <u>Sperring v. LLR, Inc.</u>, 2022 WL 3136947, at *2 (9th Cir. Aug. 5, 2022) (quoting <u>Henson</u>, 943 F.3d at 446-47)). The case Coverall is citing to support is argument is easily distinguished.  In <u>Sperring</u>, this Court held that plaintiffs who voluntarily dismiss a case with the goal of obtaining a final judgment that would allow them to appeal the order compelling

arbitration should have known their appeal would be dismissed for lack of jurisdiction because they tried to do this *after* Microsoft. Here, as Mr. Gonzalez has exhaustively documented, he attempted this maneuver *before* Microsoft. Furthermore, the District Court conceded that "Plaintiff could not have known how the Supreme Court would decide Microsoft", but it found that the "opinion did not necessarily change the law applicable to Plaintiff's case." I-ER-8. As detailed in Mr. Gonzalez's Opening Brief, pp. 31-38, this argument is plainly erroneous given the central role Microsoft played in the briefing and argument on the jurisdictional issue in Gonzalez I.

The District Court also found that "[g]iven the preexisting case law, Plaintiff knew or should have known of the risk he took" by seeking voluntary dismissal. I-ER-7. The District Court opined that Plaintiff could have sought certification for interlocutory review under 28 U.S.C. § 1292 (b). Id. But the same is true in Henson, where the Plaintiffs could have sought Rule 23(f) review of the class certification order. Furthermore, there are numerous examples of courts in this Circuit dismissing cases after holding that a valid and enforceable delegation clause required the parties to arbitrate threshold issues of arbitrability. Loewen v. Lyft, Inc., 129 F. Supp. 3d 945, 966 (N.D. Cal. 2015) (dismissing action after holding that delegation clause was enforceable); Brennan v. Opus Bank, 2013 WL 2445430, at *8

(W.D.Wash. June 5, 2013) (same); <u>Intergulf Const. Corp.</u>, 2015 WL
5285668, at *2 (dismissing, rather than staying, case).

In sum, Plaintiff acted reasonably in pursuing the dismissal of his
claims in order to appeal because he relied in good faith on ample existing
precedent. Even if that decision were considered risky, on balance, equitable
considerations regarding the change of law make clear that the intervening
change in the law *favored* granting the Rule 60 motion. The <u>Henson</u> Court
also found that the district court needed to take into account equitable
considerations regarding whether the plaintiffs should suffer the
consequences of the intervening change in the law.[4]  Here, as in <u>Henson</u>, the
majority of these factors cut in Plaintiff's favor: (1) Mr. Gonzalez relied on
established precedent that allows litigants to appeal from the dismissal of
claims in favor of arbitration; (2) Mr. Gonzalez had no reason to think that
<u>Microsoft</u> would be applied outside the context of appeals from class

---

[4]      These include: "(1) the extent to which the precedent…was settled in
the Circuit, which would make the reliance more reasonable; … (2) the
extent to which [Plaintiffs] should have known that the law might change in
an unfavorable way…; (3) the nature of the risk [Plaintiffs] knowingly
took…; (4) the extent to which Plaintiffs were forced to rely on the
precedent and put themselves in a precarious situation for lack of other
reasonable options that would have avoided the risk…; and (5) the extent to
which the circumstances surrounding the change in law were
extraordinary…" <u>Henson</u>, 943 F.3d at 447-48.

certification orders[5]; (3) Mr. Gonzalez had no reason to think that Coverall's arguments against appellate jurisdiction would result in "permanent finality", see Henson, 943 F.3d at 448; (4) Mr. Gonzalez concededly could have chosen not to seek an appeal of the order compelling arbitration or to seek certification pursuant to § 1292(b), but (5) the extraordinary effect of Microsoft on his decision to dismiss his claims and appeal was not foreseeable, and he had no reason to think he risked everything by trying to file an early appeal. Indeed, as the District Court conceded, "the timing of Microsoft was 'somewhat extraordinary' [in that] it was decided within two weeks of Plaintiff filing his first appeal." I-ER-8.

As the Ninth Circuit held, "[t]here is a difference between risking an adverse decision on the issue of appellate jurisdiction and the opportunity for an early appeal, and knowingly risking permanent finality." Henson, 943 F.3d at 449. In the instant case, the equitable considerations are even stronger than in Henson because when the District Court declined to reopen his case, Mr. Gonzalez was left with no adjudication on the merits of any of

---

[5]     Although the Supreme Court had granted *certiorari* in Microsoft at the time that Mr. Gonzalez sought to dismiss his claims and appeal, Microsoft addressed a distinguishable situation on the facts, including plaintiffs' dismissal of their claims in order to appeal the denial of class certification. Mr. Gonzalez had no reason to think and no way of knowing that the eventual decision in Microsoft could sweep broadly enough to undermine the line of established decisions he relied upon under 9 U.S.C. § 16 (a)(3) in seeking to dismiss his claims and appeal.

his claims and *no* forum in which to seek relief due to his thwarted attempt to arbitrate and obtain relief from the cost-splitting provision in Coverall's arbitration agreement and the AAA Commercial Rule fee schedule, which required him to bear thousands of dollars in filing fees. In contrast, the Henson plaintiffs at least had the opportunity to obtain decisions, albeit unfavorable ones, on the defendant's motion to dismiss and their motion for class certification.

Furthermore, Plaintiff's Renewed Rule 60 Motion was premised on both a change of law *and* a change in the facts. Indeed, *both* a change of facts (Mr. Gonzalez's demonstrated inability to access the arbitral forum due to cost-prohibitive filing fees) and an intervening change in the law (the unanticipated dismissal of Plaintiff's first appeal following Microsoft v. Baker), warranted granting Plaintiff's Rule 60 Motion in this instance. The Gonzalez II panel acknowledged that Plaintiff's Rule 60 Motion was premised partially on an intervening change in the law to the point of ordering *sua sponte* the parties to be prepared to discuss the Henson case at oral argument, see Ninth Cir. Appeal No. 19-55511, ECF No. 38, and to consider "how the Henson factors might apply to this case." See Gonzalez II, 826 Fed. Appx. at 646. But the District Court wholly failed to address the changed factual circumstances in its Order below. Here, both the changes in

law and the new development of additional facts warranted the granting of the Renewed Rule 60 Motion.

As noted in Mr. Gonzalez's Opening Brief, "[a]lthough relief under Rule 60(b) is discretionary with the trial court, we think that the liberal spirit of the rule, together with the basic policy favoring resolution of litigation on the merits requires us to review closely the exercise of that discretion in cases such as the instant one where denial of the motion has precluded consideration of the merits of the controversy." Spann v. Commissioners of D.C., 443 F.2d 715, 716 (D.C. Cir. 1970). As in Spann, here, Mr. Gonzalez has been precluded from any consideration on the merits of the controversy. For nearly 10 years, Mr. Gonzalez's claims against Coverall have not been heard, and the District Court erred in finding that this factor counseled against the Rule 60 relief. Coverall does not even attempt to address Spann.

## 2. Mr. Gonzalez's Diligence in Pursuing Relief

The second factor considered in Henson was "the petitioner's exercise of diligence in pursuing his claim for relief." Henson, 943 F.3d at 449. Coverall argues that Mr. Gonzalez delayed "months" in raising the issue regarding the intervening change in law. Dkt. 25 at 53. This argument falls flat, as Mr. Gonzalez was diligent in bringing his Rule 60 Motion within just two weeks of his appeal being dismissed for lack of jurisdiction. See II-ER-

231; II-ER-51 (showing Motion to Reopen was filed two weeks after this Court's decision in <u>Gonzalez I</u>). Plaintiff did not fail, and has not failed, to advocate against an unfavorable change of law nor was he, nor had he ever been, not diligent in advancing his legal position in all fora and forms. He has tried to do so in court multiple times, and in arbitration, though to no avail. The Court's finding that this factor is "less salient to the overall Rule 60(b)(6) equitable balancing" is erroneous. Mr. Gonzalez has been fiercely diligent in pursuing relief. If anything, this factor cuts in favor of granting relief, or at the very least is neutral.[6]

Coverall's argument that Mr. Gonzalez could have "tried to arbitrate in good faith" seems to assume that a claimant only engages in "good faith" arbitration when he pays thousands of dollars to have the case even begin. Mr. Gonzalez has no obligation under law to pay fees he cannot afford to bring his claims, <u>see</u> <u>Ting v. AT&T</u>, 319 F.3d 1126, 1151 (9th Cir. 2003) (citing <u>Armendariz</u>, 24 Cal. 4th at 114 (an arbitration agreement that "imposes on … [plaintiffs] costs greater than those a complainant would bear if he or she would file the complaint in court" is unconscionable and

---

[6]    In <u>Henson</u>, the Court found this factor was neutral; on the one hand, the plaintiffs moved promptly to seek relief under Rule 60 after their appeal was dismissed, but on the other hand, they could have moved for reconsideration of the original adverse decision or to certify an appeal under § 1292, and they did not.

may be unenforceable), and Mr. Gonzalez made his inability to pay those fees sufficiently clear to the District Court.  <u>See, e.g.</u>, Dkt. 38-2 at 21, Decl. of Sergio Gonzalez at ¶ 8.  On this point, Mr. Gonzalez also notes that Coverall completely mischaracterizes the record when it claims Mr. Gonzalez earned over $250,000 per year and "refused to produce any documentation to support his contrary claim that he could not afford arbitration."  Dkt. 25 at 22.  This $250,000 argument is one Coverall loves to throw around with abandon, despite counsel for Mr. Gonzalez calling it out repeatedly for the misinformation it is.[7]  Furthermore, Mr. Gonzalez submitted a sworn declaration supporting his contention he could not pay the arbitration fees, as his combined monthly income with his wife was just $2,100 per month.  Dkt. 38-2 at 21, Decl. of Sergio Gonzalez ¶ 4.

### 3. The Reliance Interest in the Finality of the Case

Coverall contends the "reliance interest" factor does not apply because the Order at issue is not final.  Mr. Gonzalez has already addressed

---

[7]     Mr. Gonzalez never earned more than $250,000 per year.  The Demand for Arbitration that Gonzalez's counsel submitted to the AAA with a checked box indicating his annual income was greater than $250,000 was a mistake, as Coverall well knows.  Mr. Gonzalez's counsel explains this mistake in its Reply Brief the related case, <u>Rivas v. Coverall North America Inc.</u>, Appeal No. 22-56192 (9th Cir.).  It's especially rich that Coverall quotes Franklin Roosevelt in its Answering Brief ("Repetition does not transform a lie into a truth.") and in that same filing continues to peddle this lie.  Dkt. 25 at 57.

this argument, <u>supra</u> at II, but agrees there are and could be no past effects

that would be undermined by the granting of the Renewed Motion to

Reopen, and Coverall cannot claim to have relied on the Court's judgment

because there has been none on the merits. Accordingly, the District Court

below properly conceded that this factor weighs in favor of granting relief to

Mr. Gonzalez. I-ER-8.

### 4. Delay Between the Judgment and the Rule 60(b) Motion.

The fourth factor is the delay between the judgment and the Rule

60(b) Motion. As the District Court found below, this factor also weighs in

Plaintiff's favor because he acted promptly, filing his motion just 14 days

after the dismissal of his appeal for lack of jurisdiction. As the District Court

noted, "Defendant does not dispute that Plaintiff's Motion is timely. Thus,

this factor weighs in favor of Plaintiff." I-ER-9. Coverall's contention that

Plaintiff did not raise the change of law argument in its initial motion is

irrelevant, as the court looks at delay, not the content of the arguments

advanced in evaluating this factor.

### 5. Relationship between the original judgment and the change in the law.

The fifth <u>Henson</u>/<u>Phelps</u> factor that the District Court should have

considered is the relationship between the original judgment and the change

in the law. As noted above, in <u>Henson,</u> the close connection between the

plaintiffs' case and the intervening decision by the Supreme Court in

Microsoft cut in favor of granting relief under Rule 60(b)(6). The same is

true here, and the District Court erred in holding otherwise.

As described in Plaintiff's Opening Brief, pp. 31-37, the District

Court erred in finding that Microsoft did not change the law applicable to

this case merely because it did not concern arbitration but rather concerned

plaintiffs attempting to appeal from a denial of class certification. The record

makes clear that the Microsoft decision formed the basis for Coverall's

jurisdictional argument and was the focus of oral argument in Gonzalez I.

Indeed, the language of the Supreme Court in Microsoft Corp. v. Baker, is

sweeping in rejecting attempts to create appellate jurisdiction through

voluntary dismissals and is not limited to the Rule 23 context – an argument

Coverall itself advanced vociferously in Gonzalez I.[8]

The issue presented in Microsoft was very close to the jurisdictional

---

[8]     See Microsoft, 137 S. Ct. 1702, 1715 ("Contrary to respondents'
argument, § 1291's firm final-judgment rule is not satisfied whenever a
litigant persuades a district court to issue an order purporting to end the
litigation"); id. at 1712–13 ("Because respondents' dismissal device subverts
the final-judgment rule and the process Congress has established for refining
that rule and for determining when nonfinal orders may be immediately
appealed, see §§ 2072(c) and 1292(e), the tactic does not give rise to a 'final
decisio[n]' under § 1291.").

issue in <u>Gonzalez I</u> and undoubtedly formed the basis for the dismissal of the first appeal such that this factor should have weighed in *favor* of Plaintiff, not against him. Although Plaintiff argued vigorously in the <u>Gonzalez I</u> appeal that <u>Microsoft</u> was distinguishable and arose in a different context, it is clear that the panel in <u>Gonzalez I</u> did not credit those arguments. The District Court committed reversible error when it held that it was "unconvinced that <u>Microsoft</u> changed the law applicable to Plaintiff's case as it did not concern arbitration." I-ER-9. Even if there were some factually distinguishable considerations between <u>Microsoft</u> and this case – insofar as one involved an appeal from a class certification order and one involved an appeal from an order compelling arbitration – the relationship was still sufficiently close as to affect Mr. Gonzalez's rights.

Indeed, the Second Circuit in <u>Bynum v. Maplebear Inc.</u>, 698 F. App'x 23, 24 (2d Cir. 2017), relied on <u>Microsoft</u> in determining that it lacked jurisdiction over an appeal filed by a litigant just like Mr. Gonzalez, who voluntarily dismissed his claims in order to appeal from an order compelling arbitration. Coverall relied on <u>Bynum</u> in arguing in <u>Gonzalez I</u> that the principles of <u>Microsoft</u> applied to require dismissal of Gonzalez's claims as well. For all these reasons, it is clear that the District Court erred in its application of the fifth factor – the relationship between the original

judgment and the change in the law – by erroneously concluding that this factor cut against rather than in favor of granting Rule 60 review.

### 6. Concerns of comity and additional considerations

The District Court appropriately decided that concerns of comity are inapplicable in this case, meaning that it was not a relevant factor in applying the test to Mr. Gonzalez's claims, just as this Court found in Henson, 943 F.3d at 453.

### 7. Additional Considerations Relevant to the Rule 60 Analysis.

The Henson Court held that the Phelps factors are not exhaustive and that courts should evaluate *all of the circumstances* in a given case, including all other equitable considerations raised by a Rule 60(b)(6) Motion. Indeed, "Rule 60(b)(6) is fundamentally equitable in nature." Ramirez v. United States, 799 F.3d 845, 851 (7th Cir. 2015). In deciding Rule 60 motions, courts "consider the risk of injustice to the particular parties" and "the risk of undermining the public's confidence in the judicial process." Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 864 (1988). Here, Plaintiff faces the very same "Catch Twenty-Two" as the plaintiffs in Henson. Henson, 943 F.3d at 454. However, as a consequence of the District Court's flawed application of Henson, Plaintiff has been left with *no remedy* and *no forum* in which to seek redress for Coverall's

egregious Labor Code violations. As things stand, there is no chance of justice for Mr. Gonzalez. This fact should weigh heavily in favor of granting Rule 60 relief.

## CONCLUSION

Coverall's Answering Brief does not undermine any of Mr. Gonzalez's arguments.  Accordingly, this Court should reverse.

Respectfully submitted,

SERGIO GONZALEZ, on behalf of himself and all others similarly situated,

By his attorneys,

*s/ Shannon Liss-Riordan*
Shannon Liss-Riordan
Adelaide H. Pagano
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street Suite 2000
Boston, MA  02116
(617) 994-5800

Dated: August 11, 2023

## STATEMENT OF RELATED CASES

Pursuant to Circuit Rule 28-2.6, Plaintiff-Appellant Sergio Gonzalez states that he is aware of one other related case pending in this Court, <u>Rivas v. Coverall North America Inc.</u>, Appeal No. 22-56192.


Dated: August 11, 2023             <u>*s/ Shannon Liss-Riordan*</u>
                                   Attorney for Plaintiff- Appellant

**UNITED STATES COURT OF APPEALS**
**For the Ninth Circuit Appeal No. 22-56189**

———————————————

**Certificate of Compliance With Type-Volume Limitation, Typeface**
**Requirements, and Type Style Requirements**

———————————————

1. This Reply Brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)B) because this brief contains fewer than 7,000 words, as well as the volume and page limitation of Circuit Rule 32-1 because it does not exceed 25 pages.

2. This motion complies with the typeface and type style requirements of Fed. R. App. P. 27(d)(1) because this brief has been prepared in a proportionally spaced typeface using Word 14-point Times New Roman typeface.

*/s/ Shannon Liss-Riordan*
Attorney for Plaintiff- Appellant
Dated:  August 11, 2023

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT
No. 22-56189

_____

**CERTIFICATE OF SERVICE**

I, Shannon Liss-Riordan, hereby certify that this Reply brief was filed

through the United States Court of Appeals for the Ninth Circuit ECF

system and will be sent electronically to the registered participants as

identified on the Notice of Electronic Filing (NEF), including the following

counsel of record for Defendant–Appellee:

Norman M. Leon
DLA PIPER LLP
444 West Lake Street, Suite 900
Chicago, IL 60606
Tel: (312) 368-4000
Fax: (312) 236-7516
norman.leon@dlapiper.com

Julie Dunn
DLA PIPER LLP
4365 Executive Drive Suite 1100
San Diego, CA 92121-2133
Tel: (619) 699-2690
Julie.dunne@dlapiper.com

*s/ Shannon Liss-Riordan*
Attorney for Plaintiff-Appellant

Dated:  August 11, 2023

27